**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MISS EURAINA S. JERRY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PHILA, PA, *et al.*,** | : | **26-CV-2223** |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**BARTLE, J.**                                                                                  **APRIL 14, 2026**

Currently before the Court is a Complaint filed by *pro se* Plaintiff Miss Euraina S. Jerry.

Jerry also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will

grant Jerry *in forma pauperis* status and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Jerry utilized the court's standard form complaint to commence this matter, although the

handwritten portions are illegible in part.  (*See* ECF No. 2 ("Compl.").)  She lists numerous

entities and individuals as Defendants, including "Phila, PA," Marriot Hotels, Bonvoy, American

Airlines, Philadelphia International Airport, "Police, Fire, Federal Credit Union Bank," Wells

Fargo Bank, "JP Morgan Chase Bankers Only," "Jefferson Univ. Hospital, MRI Dept.," United

Methodist Hospital, "Jefferson, MRI, Radiation Dept.," "American Heritage Bank, Market St. &

JFK Blvd.," "Inspire Health Medical Cntr," Former President Mr. Bill Clinton, Hillary Rodham

Clinton, "William Hill-Moore College of Art & Design," "Charging Officer, TSA Offc.,

Philadelphia International Airport," "Harold Peterson, Republican," Yahoo, Inc., "PIC,

---

[1] The following factual allegations are taken from the Complaint and publicly available
state court records.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (the
court may consider matters of public record).  The Court adopts the pagination supplied by the
CM/ECF docketing system to the pleadings in this case.

Philadelphia Industrial Correctional Facility," and "Amazon Accounts rhemaqordpoetry@yahoo.com, prima3mcct@yahoo.com." (*Id.* at 2-3.)  Jerry submitted with the form complaint an additional twenty-one pages of documentation, including state court forms and financial and travel documents. (*See* ECF No. 2-1 at 1-21.)

The allegations in Jerry's Complaint are disjointed.  She asserts that the events giving rise to her claims began in 2021 and continue to the present. (Compl. at 4.)  She appears to allege that she received treatment in 2022 for a nerve condition of her lower back but was told in 2023 that the condition needs no medication or rehabilitation. (*Id.*)  She states "[o]riginal records frauded into 3 to 4 differ[ent] other diagnosis upon possible threat of radiation &/or MRI dept. – Methodist Jefferson & Jefferson Univ. Hospital." (*Id.*)  She also references "constant fraud on royalties" and "not being allowed to use my royalties." (*Id.*)  In the portion of the form complaint regarding injuries alleged, Jerry indicates: "No injuries showing." (*Id.* at 5.)  She further states: "Only tingles & constant around the clock vibration from somehow radio waves []which come thru walls & infrared waves as back of packages once stated that 5G can be harmful to nervous or central system, even as Mr. Robert F. Kennedy Jr. & Mr. Gregory Fox, Chief of FCC or FDC argues." (*Id.*)  As relief, Jerry seeks "the largest, highest compensation possible to be awarded" for violations of HIPAA, "charges on [her] medical record," the right to use her royalties, and for Yahoo to reset her password. (*Id.*)  She also seeks compensation for "defamation of character in downloads, being shown in restrooms, people made to use electric appliances put with radio waves from tower @ my vertebraes, causing recession, climate change, corona virus." (*Id.*)  Additionally, Jerry appears to assert that she has received mental health diagnoses and treatment, and that she is subject to a state court criminal prosecution. (*See id.* at 6, 7.)  The state court docketing system reflects that Jerry has been charged with contempt and

2

defense counsel's several requests for a continuance for a competency evaluation were granted. *See Commonwealth v. Jerry*, MC-51-CR-0024085-2024 (Municipal Ct. Phila.).

## II.    STANDARD OF REVIEW

The Court will grant Jerry leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Additionally, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  As Jerry is proceeding *pro se*, the Court construes her allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court, however, is not

required "to accept as true unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (citations omitted).

A complaint also may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (quotation marks and citation omitted). "A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. U.S. of Am. by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (quotation marks and citations omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93 (citations omitted).

## III.   DISCUSSION

Jerry's Complaint is disjointed and largely incomprehensible, and fails to provide fair notice of the grounds upon which the claims against each named defendant rest. As pled, it does not satisfy Rule 8. *See, e.g.*, *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that Rule 8 permits dismissal where the complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"). Further, even when liberally construed, the Complaint lacks coherent factual allegations that might support a viable

cause of action against a defendant,[2] *see Ackerman v. Mercy Behav. Health*, 621 F. App'x 711, 714 (3d Cir. 2015) (*per curiam*) (affirming dismissal pursuant to § 1915(e)(2)(B)(i) as frivolous because "there is no logical construction of the complaint from which to derive a legal claim for which relief is available in federal court"), and her allegations rise to the level of fanciful. The discernable portions of the Complaint fall short of supporting any viable legal claim upon which Jerry could proceed. Because Jerry's Complaint does not meet the requirements of Rule 8 and because she has not alleged a plausible basis for a non-frivolous claim, the Complaint will be dismissed. *See Adams v. US States Treasury Sec'y*, 655 F. App'x 890, 891 (3d Cir. 2016) (*per curiam*) (affirming dismissal of incomprehensible complaint as frivolous and for not meeting the requirements of Rule 8); *Flowers v. Delaware*, No. 22-1877, 2022 WL 2800814, at *1 (3d Cir. July 18, 2022) (*per curiam*) (affirming dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B) without leave to amend).

## IV.	CONCLUSION

For the foregoing reasons, the Court will dismiss Jerry's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110

---

[2] It bears noting that there is no private right of action under HIPAA. *See Petoff v. Delmonico*, No. 24-2933, 2025 WL 2986371, at *2 (3d Cir. Oct. 23, 2025) (*per curiam*) ("HIPAA does not provide a private right of action." (citing *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021) (noting that "[e]very circuit to consider whether HIPAA created a private *right* to sue has found that it does not," and citing cases from the Second, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits (emphasis in original))).

(3d Cir. 2002).  An Order follows, which dismisses this case and which shall be docketed separately.  *See* Federal Rule of Civil Procedure 58(a).